IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | |
| _Concerning Blake v. Family Dollar Stores, Inc._ | **ORDER** |

This matter is before the Court on Defendant's Motion to Dismiss Melanie Blake and for Sanctions, filed October 12, 2011 (Doc. No. 668) and Plaintiffs' Response, filed October 19, 2011 (Doc. No. 685).

Defendant contends that Ms. Blake should be dismissed from this case for her failure to appear for her properly noticed deposition. Defendant also asks for sanctions for an unspecified amount which include Family Dollars' fees and costs associated with preparation for this deposition as well as hotel costs for an additional night. Plaintiff's counsel does not dispute that Plaintiff failed to appear for her deposition. Indeed, counsel indicated that Ms. Blake had not responded to his attempts to reach her and his investigator had likewise been unable to located Ms. Blake. (Doc. No. 668-4 at 2; Doc. No. 668-6 at 4). Counsel efforts to notify Ms. Blake about her deposition date, which began on August 4, 2011, include phone calls to Ms. Blake's home and cell numbers as listed in counsel's case managements system; mailings to her last known physical address as well as e-mail address; certified mail to her last known address as of 2009; as well as the use of a private

1

investigator to locate Ms. Blake. Counsel last spoke to Ms. Blake in 2009. (Doc. No. 685-1). Counsel first informed Family Dollar that Ms. Blake was not responding to him four days prior to her deposition and requested that Family Dollar put off her deposition for thirty days. (Doc. No. 685-3 at 2). Family Dollar objected to a thirty day extension, but agreed to switch Ms. Blake's deposition date with Ms. Fontenot's deposition, which would have given counsel an additional day to reach Ms. Blake. (Id.).

It is undisputed that Plaintiff did not attend her deposition and Plaintiff's counsel has offered no explanation as to why she was not in attendance. It appears that counsel cannot offer an explanation because counsel has been unable to contact Plaintiff despite diligent efforts beginning in August 2011 through the date of the deposition which was scheduled for September 28, 2011. The Court notes and appreciates counsel's efforts to located Ms. Blake. However, the Court also notes that Ms. Blake had an obligation to notify counsel of any change in address and to stay in touch with counsel. Ms. Blake's failure to notify her counsel of her change in address, phone numbers and e-mail address indicate a lack of interest in pursuing her claims against Family Dollar. Indeed, Ms Blake has not been in touch with counsel since 2009. (Doc. No. 685-1 at 4). Therefore, Ms. Blake's claims against Family Dollar are dismissed with prejudice based on her lack of interest in pursuing her claims and her failure to prosecute this case.

With respect to Defendant's request that Plaintiff or her counsel pay the costs of defense counsels extra night in a hotel; fees associated with counsel's preparation for the deposition and fees for the court reported and videographer, the Court declines to grant Defendant's motion with respect to counsel's hotel accommodations and preparation for the deposition. Under the circumstances,

given that Plaintiff's counsel informed the Court four days prior to Plaintiff's deposition of their failed attempts to contact the Plaintiff, defense counsel could have arranged to have an attorney from the local office on call in the unlikely event Plaintiff did appear for her deposition. Indeed, it appears local counsel was present on September 28, 2011. (Doc. No. 668-6 at 3). The Court will grant Defendant's request for sanctions with respect to the costs of the court reporter and the videographer to the extent Defendant can produce invoices to Plaintiff's counsel for such costs.

**THEREFORE IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss Plaintiff Melanie Blake and For Sanctions (Doc. No. 668) is Granted;

(2) Ms. Blake is dismissed;

(3) The Court finds there is no just reason to delay finding of final judgment for Family Dollar with respect to Plaintiff's claims against Family Dollar;

(4) The Clerk is directed to enter final judgment, pursuant to Rule 54(b) for Family Dollar with regarding to Plaintiff Melanie Blake;

(5) Defendant's counsel shall provide Plaintiff's counsel copies of invoices for the court reporter and videographer hired for Plaintiff's deposition on September 28, 2011 within twenty (20) days of the date of this Order;

(6) Ms. Blake SHALL pay Defendant's counsel the costs (as evidenced by invoices submitted to Plaintiff's counsel) of the court reporter and videographer hired for Plaintiff's deposition on September 28, 2011within thirty (30) days from the date such invoices are provided to Plaintiff's counsel.

**SO ORDERED.**

Signed: October 26, 2011

Graham C. Mullen
United States District Judge